John E. Gunther, Esq. Attorney, Middletown City School District Thomas Farrell, Esq. Corporation Counsel, Middletown
The City of Middletown currently has a civil service commission to administer the provisions of the Civil Service Law. The city desires to abolish the civil service commission and transfer its functions to the personnel officer of the county. You inquire whether this change is subject to a mandatory referendum.
Cities are authorized to establish a municipal civil service commission to administer the provisions of the State Civil Service Law or may establish the office of personnel officer for this purpose (Civil Service Law, § 15[1][a], [b]). The structure of the commission is established by State law (id., § 15[1][a]). The legislative body of a city may at any time authorize the withdrawal of the city from its existing form of civil service administration and may elect one of the other forms of administration or may choose to place civil service administration in the city under the jurisdiction of the civil service commission or personnel officer of the county in which the city is located (id., § 16[1][b]). A public hearing is required before a city may elect to change its form of civil service administration (id., § 16[3]). Thus, the Civil Service Law authorizes the city to abolish its civil service commission and elect civil service administration under the jurisdiction of the personnel officer of the county.
You have asked whether this election is subject to mandatory referendum. A local law is subject to mandatory referendum if it "[i]n the case of a city, changes a provision of law relating to the membership or terms of office of the civil service commission of the city" (Municipal Home Rule Law, § 23[2][k]).
Section 23(2)(k) derives from section 15(8) of the City Home Rule Law, enacted by chapter 363 of the Laws of 1924. Sections 15 and16 of the Civil Service Law, authorizing optional forms of civil service administration and local election to change the form of administration, derive from chapter 790 of the Laws of 1958. Thus, the Legislature, in 1924, could not have intended that the referendum requirement apply to an election not requiring an amendment of law but accomplished entirely under the provisions of the Civil Service Law. Instead, we believe the referendum requirement served a different purpose. Under prior law, the structure of city civil service commissions was left for local determination (L 1909, ch 15). For example, the city charter may have established the structure (see, 1970 Op Atty Gen [Inf] 171). These locally established forms of civil service administration have been preserved and continued (Civil Service Law, § 15[3]). In our view, section 23(2)(k) of the Municipal Home Rule Law subjects to mandatory referendum a local law changing such a "provision of law" relating to the membership or terms of office of a city's civil service commission. A local law in this subject area amending a city charter would be subject to referendum (1970 Op Atty Gen [Inf] 171).
You informed us that there is no provision in the city charter dealing with the civil service commission. You believe that the present commission has been established and structured under section 15
of the Civil Service Law. If this is true, the election to change to administration by the personnel officer of the county would be accomplished solely under section 16 of that law. No amendment of law is required to make the change. Thus, the election is subject only to a public hearing (Civil Service Law, § 16[3]). If, however, you uncover a charter provision or local law governing the structure and organization of the civil service commission, which must be amended to effectuate the change to administration by the county's personnel officer, the change would be subject to mandatory referendum under section 23(2)(k) of the Municipal Home Rule Law.
You have cited two previous opinions of this office concluding that a change in the form of civil service administration by a city is subject to referendum (1970 Op Atty Gen [Inf] 171; 1972 Op Atty Gen [Inf] 255). The 1970 opinion, however, is distinguishable from the facts at hand. In that opinion, the city proposed to change a provision in its charter providing for a civil service commission. Thus, in that case the city was changing a provision of law within the meaning of section 23(2)(k) of the Municipal Home Rule Law. The 1972 opinion relied on the earlier opinion.
We conclude that a city may abolish its civil service commission and elect civil service administration for the city by the personnel officer of the county. The election is subject only to a public hearing if the civil service commission was established under the provisions of the Civil Service Law. If, however, provisions of the city charter establishing the membership of the commission must be amended or repealed, that action would be subject to a mandatory referendum.